NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS

| | |
|---|---|
| DEVIN HODGE,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civ. No. 09-61<br>Crim. No. 99-06<br><br>MEMORANDUM OPINION & ORDER |

THOMPSON, U.S.D.J.

      Presently before the Court is a Petition for a writ of habeas corpus [docket # 248] filed by Petitioner Devin Hodge brought pursuant to 28 U.S.C. § 2255. Respondent, the United States of America ("the Government"), opposes the motion. [257]. The Court assumes the parties' familiarity with the underlying facts of this case. Petitioner pled guilty to first degree murder on May 2, 2000 and was subsequently sentenced to life imprisonment on March 6, 2002 [4]. On June 26, 2005, the Third Circuit vacated the judgment and remanded the case for resentencing [182]. On November 21, 2006, Hodge entered a second plea and was sentenced on April 27, 2007 to 450 months of imprisonment with 5 years of supervised release [220]. Petitioner then appealed this second sentence and on May 30, 2008 the Third Circuit affirmed the judgment of the District Court [237]. Petitioner filed the instant motion on April 24, 2009. In the pending Petition, Hodge argues that his plea agreement was breached at sentencing and that this violated his Sixth Amendment right to effective assistance of counsel. For the following reasons, Hodge's Petition will be denied without an evidentiary hearing.

      A claim that a criminal defendant was denied effective assistance of counsel is analyzed pursuant to the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Palmer v.*

*Hendricks*, 592 F.3d 386, 394, 397 (3d Cir. 2010). Under the *Strickland* test, a petitioner must first show that his or her constitutional rights were violated—here, Petitioner alleges that he was denied effective assistance of counsel. This requirement embodies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* 466 U.S. at 689. In order to prevail, Petitioner must overcome this strong presumption. After having satisfied this prong, Petitioner must additionally show "a reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different." *Id*. This second prong requires a petitioner to prove that the error was "sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. In *Hill v. Lockhart*, the Court extended the *Strickland* analysis to cases involving a guilty plea with the slight modification that in order to satisfy the second prong petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. 52, 58–59 (1985). Mindful of Petitioner's *pro se* status, the Court has construed the motion with exceptional latitude, but it has still determined that it fails to overcome the first prong of the *Strickland* analysis.

Petitioner argues that his plea agreement was breached at sentencing. Specifically, Petitioner argues that one rule of the Federal Rules of Criminal Procedure, Rule 11(e)(6), and one rule of the Federal Rules of Evidence, Rule 410, mandate that a "sentence shall not exceed [defendant's] plea admittance." (Pet'r's Br. at i). Separately, Petitioner invokes 18 U.S.C. § 6002 to argue that information provided as a result of the plea agreement remains protected. (*Id*. at 6). Finally, Petitioner points to the holding in *U.S. v. Barnes* that "the government violated the terms of the plea agreement by not expressly requesting that the district court sentence Defendant at the low end of the guidelines." 278 F.3d 644 (2002). (*Id*.). Each argument will be

addressed in turn.

Petitioner's interpretation of Rule 11(e)(6) and Rule 410 does not accord with the text of these provisions. Rule 11(e)(6) provides that: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." FED. R. CRIM. P. 11(e)(6). The rule does not address sentencing but refers instead to the rights of the defendant to withdraw the plea after the court has imposed sentence. Rule 410 of Federal Evidence also does not address sentencing. It prohibits the admission into evidence of prior statement and pleas. *See* FED. R. EVID. 410. Petitioner has not argued that his rights were violated as a result of an evidentiary ruling. Therefore both rules are inapposite to this Petition. Similarly, Petitioner's reference to 18 U.S.C. § 6002 is also inapposite. The privilege described in Section 6002 covers information granted under an order of immunity. No such order was granted in this case.

Finally, *Barnes* is distinguishable from the instant case because in *Barnes* the government had "expressly agreed to recommend that Defendant be sentenced at the low end of the guidelines . . . . at Defendant's sentencing, the government failed to state this recommendation on the record." 278 F.3d at 647. In this case, there is no evidence that the Government promised and failed to expressly make a recommendation at sentencing. Careful scrutiny of the colloquy reveals that the Court asked the trial counsel whether he had any objections regarding the accuracy and completeness of the plea agreement or the Pre-sentence Report (PSR). Counsel objected to the PSR recommendation, *see* (Def. Br. at 3–6) (quoting transcript) but the Court addressed this concern. *See id*. at 4-5 (quoting transcript portion where the Court noted that the Petitioner "could have been given three points. He could have been given four points, but a determination was made by Probation that two points would, fairly, you

know, assess, evaluate the leadership role of Mr. Devin Hodge. . . . And that's not an unreasonable basis for an enhancement . . . under the guidelines for the role of the offender in the offense."). Indeed, this final part of the petition rehashes arguments that have already been decided by the United States Court of Appeals for the Third Circuit. In *United States v. Devin Hodge*, the Third Circuit upheld Petitioner's waiver of appeal, noting that that Hodge "does not claim he misunderstood his waiver, nor does he challenge the language of his plea agreement." *United States v. Hodge*, 276 Fed. Appx. 120, 121 (3d Cir. 2008). The Third Circuit further noted that Petitioner "received a sentence well within the terms of his plea agreement." *Id*. It has long been upheld that courts have a wide degree of latitude in imposing sentencing and that courts do not have to defer to the recommendation proffered by the parties. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range . . . . when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

For all of these reasons, Petitioner has not established that he is entitled to a presumption of prejudice or that he is otherwise entitled to an evidentiary hearing on the issue of prejudice. Therefore, his Petition for a writ of habeas corpus must be denied.

Accordingly, it is on this 20th day of August, 2012,

ORDERED that Devin Hodge's Petition for a writ of habeas corpus [248] is DENIED; and it is

ORDERED that this case is CLOSED.

    /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.